UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

BILLY C. JARNIGAN                        )
                                         )
v.                                       )        NO. 2:05-CV-282
                                         )
JO ANNE B. BARNHARDT,                    )
Commissioner of Social Security          )

## MEMORANDUM OPINION

The plaintiff Billy C. Jarnigan has filed a motion for a judgment on the

pleadings on his complaint to obtain judicial review of the final decision of the

defendant Commissioner of Social Security Jo Anne B. Barnhardt denying his

application for disability insurance benefits under the Social Security Act.  The

defendant has filed a motion for summary judgment.

Mr. Jarnigan was born in 1957 and was 47 years old at the time of his second

administrative hearing.  [Tr. 128].  He completed ninth grade and has relevant past

work experience as a concrete handler and concrete truck driver.  [Tr. 40].  Mr.

Jarnigan alleges he is disabled as of September 15, 2002, from chronic obstructive

pulmonary disease [COPD], acute chronic respiratory failure, and oxygen

supplementation.  [*Id.*].  He was found not to be disabled by an Administrative Law

Case 2:05-cv-00282   Document 17   Filed 04/12/06   Page 1 of 5   PageID #: 1

Judge [ALJ] in December 2003. [Tr. 45]. The Appeals Council vacated that decision and remanded it to the ALJ in April 2004. [Tr. 63-65]. Following another administrative hearing, the ALJ again found that Mr. Jarnigan's severe impairments were not severe enough, and he was not disabled as defined by the Social Security Act. [Tr. 22]. The Appeals Council affirmed that decision in August 2005. [Tr. 6-8].

At Mr. Jarnigan's second administrative hearing held on January 11, 2005, the testimony of Mr. Jarnigan and medical expert Dr. Theron Blickenstaff was received into evidence. [Tr. 367-75]. Mr. Jarnigan testified he uses supplemental oxygen all of the time and uses a nebulizer every four hours for 20 minutes at a time. [Tr. 367-68].

Medical expert Dr. Theron Blickenstaff testified next that recent CT scans of Mr. Jarnigan failed to indicate any malignancy. [Tr. 370]. Dr. Blickenstaff also testified that recent pulmonary function tests showed a "mild, almost moderate[,] obstructive pattern." [*Id*.]. He claimed that any need for continuous oxygen by Mr. Jarnigan was not "borne out by the objective evidence in the record" but was most likely "based on subjective reporting of symptoms." [Tr. 373].

The ALJ ruled that Mr. Jarnigan was not disabled because his severe impairments of COPD and sleep apnea were not severe enough for a finding of disability. [Tr. 20]. The ALJ then found Mr. Jarnigan retained the residual functional

2

capacity [RFC] to perform a full range of medium work that does not require exposure to more than low levels of pulmonary irritants. [Tr. 22]. With those limitations, Mr. Jarnigan could perform work that exists in significant numbers in the national economy. [*Id.*].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Mr. Jarnigan requests a judgment on the pleadings and claims the ALJ failed to properly adhere to the requirements of the Appeals Council on the remand of the case. Specifically, Mr. Jarnigan argues the ALJ failed to follow the Appeals Council's directive to give consideration to his treating source's opinion and explain the weight he gave such evidence. The treating source in question was Dr. Sunil M. John, and

the opinion in question was that Mr. Jarnigan was "totally disabled" from chronic respiratory failure, was continuously oxygen dependent, and required respiratory aerosol treatments every six hours. [Tr. 73]. According to the ALJ on remand, Dr. John's opinions were "of very little probative value" because they were not "accompanied by any new contemporaneous treatment records." [Tr. 17]. The ALJ also found that Dr. John's conclusion that Mr. Jarnigan was disabled was out of sync with his concurrent findings that he could occasionally lift upwards of 20 pounds, sit for eight hours out of an eight-hour workday, stand for four hours out of an eight-hour workday, and sit for two hours out of an eight-hour workday. [Tr. 74]. This court finds the ALJ complied with the Appeals Council's remand order insofar as it applied to Dr. John.

Mr. Jarnigan also claims the ALJ failed to seek the required clarification of the opinion of Dr. Marianne E. Filka, specifically that the pulmonary function study [PFS] results she obtained were normal. The ALJ failed to mention Dr. Filka at all in his opinion following the remand or clarify the results she obtained on the PFS. As such, the ALJ erred.

Finally, Mr. Jarnigan contends the ALJ failed to follow the directive of considering his RFC during the entire period at issue. Contrary to Mr. Jarnigan's contention, the ALJ did just that. He carefully reviewed the medical evidence

4

presented to him and discussed how Mr. Jarnigan's impairments affected his RFC.
[Tr. 17-20].

After careful consideration of the entire record of proceedings related to this
case, the defendant's motion for summary judgment [Doc. 15] will be denied, Mr.
Jarnigan's motion for a judgment on the pleadings will be granted in part, and this
action will be remanded to the Commissioner, pursuant to sentence four of 42 U.S.C.
§ 405(g), for compliance with the Appeals Council's order that the ALJ seek clarifi-
cation of the opinions of Dr. Filka.

An appropriate order will follow.

ENTER:


s/Thomas Gray Hull
THOMAS GRAY HULL
SENIOR U. S. DISTRICT JUDGE

Case 2:05-cv-00282   Document 17   Filed 04/12/06   Page 5 of 5   PageID #: 5